**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4532

UNITED STATES OF AMERICA

v.

WILLIAM FLORENCE,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-08-cr-00697-002)
District Judge:  Hon. Joel H. Slomsky

Submitted under Third Circuit LAR 34.1(a)
on November 5, 2010

Before:  SCIRICA, RENDELL and ROTH, Circuit Judges

(Opinion filed: December 8, 2010)

O P I N I O N

**ROTH**, Circuit Judge:

William Florence appeals an October 21, 2009, judgment of sentence of the

District Court.  He contends that the District Court plainly erred by imposing a special

condition of supervised release that prohibits him from incurring any new credit charges

or opening additional lines of credit without the approval of a probation officer. For the following reasons, we will affirm the sentence the District Court imposed.

## I. **Background**

Law enforcement agents arrested Florence on October 23, 2008, after observing him delivering phencyclidine (PCP) to Terrence Savage. The agents later made three controlled-drug purchases from Savage through a confidential informant. In each instance, Florence served as Savage's supplier. When Florence was arrested, he had an additional quantity of PCP on him and roughly $2,700 of "buy-money" that the informant had given Savage moments beforehand. The total amount of PCP involved in Florence and Savage's transactions was 614.03 grams

Florence moved to suppress the evidence seized from him when he was arrested. At the suppression hearing, Florence falsely testified that he was not involved in drug transactions with his co-defendant, Savage, on the date in question. The District Court denied the motion to suppress and Florence subsequently pled guilty to one count of conspiracy to distribute 100 grams or more of PCP, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); one count of distribution of 100 grams or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); two counts of aiding and abetting the distribution of 100 grams or more of PCP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; and one count of possession with intent to distribute PCP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Appellant's App. at 3-4.)

At the sentencing hearing on October 21, 2009, the District Court carefully considered the factors provided in 18 U.S.C. § 3553(a) in determining the appropriate

sentence to impose. In discussing Florence's criminal conduct, the District Court evaluated Florence's drug revenue, which, from the transactions in the record, the District Court calculated to be approximately $8,000 over a one-month period. Florence also presented, and the court addressed, Florence's legal sources of income. At a number of points during the hearing, the District Court expressed its concern regarding Florence's lack of truthfulness, as it was clear that Florence had lied in his testimony to the court during the suppression hearing.

The District Court imposed a sentence of seventy-five months' imprisonment, a term within the Sentencing Guidelines range that the District Court had calculated. The District Court also imposed a five-year term of supervised release, a special assessment of $500, and a number of special conditions of supervised release. Among the special conditions, the District Court required Florence to provide the U.S. Probation Office with full disclosure of his financial records, including truthful monthly statements of his income and yearly tax returns. The District Court also directed Florence "not to incur any new credit charges or open any additional lines of credit without the approval of the Probation Officer." The court, however, did not impose a fine or restitution, beyond the special assessment. Florence did not object to these terms.

Florence appealed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

We generally review a district court's imposition of sentence, including conditions of supervised release, for abuse of discretion. *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007). If the sentence was imposed without objection, we review for plain error. *Voelker*, 489 F.3d at 143 n.1.

## III. Discussion

Florence challenges only the District Court's imposition of the special condition of supervised release, prohibiting him from incurring new credit charges or opening new lines of credit without the approval of the probation office.

"Though district courts have broad discretion in fashioning special conditions of supervised release, this discretion is not unfettered," and must be exercised according to 18 U.S.C. § 3583. *United States v. Heckman*, 592 F.3d 400, 405 (3d Cir. 2010). Section 3583(d) requires, *inter alia*, that any such condition of supervised release: (1) "must be 'reasonably related' to the factors set forth in 18 U.S.C. § 3553(a)" and (2) "must impose 'no greater deprivation of liberty than is reasonably necessary' to deter future criminal conduct, protect the public, and rehabilitate the defendant." *Voelker*, 489 F.3d at 144 (quoting 18 U.S.C. § 3583(d)). Although we "'have consistently required district courts to set forth factual findings to justify special probation conditions,'" *id.* at 144 (quoting *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)), "we may affirm the condition if we can ascertain any viable basis for the . . . restriction in the record before the District Court," *United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010) (internal quotations omitted).

4

Florence argues that his drug offenses are unrelated to any fraud or financial impropriety and therefore cannot support the financial restrictions the District Court imposed. Florence refers to Section 5D1.3(d)(2) of the United States Sentencing Guidelines Manual, which recommends the imposition of the instant special condition with a limitation that the condition only apply if a defendant fails to pay on time any fine or restitution. *See* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(2) (2008). Noting that the limitation present in 5D1.3(d)(2) is absent here and that no restitution or fine has been imposed, Florence asserts that, at a minimum, the lack of explanation for this special condition requires us to remand this case to the District Court.

On the record before us, we conclude that the District Court did not commit plain error in imposing the special condition preventing Florence from incurring new credit charges or opening additional lines of credit without approval of a probation officer. This condition serves as a strong deterrent and monitoring tool, particularly since Florence's drug transactions are inextricably linked to his finances and since he is of dubious credibility.[1] Thus, there is a viable basis for the condition in the record. *See Miller*, 594 F.3d at 184. Moreover, even if the imposition of this special condition was error, it was not plain error.[2]

---

[1] A better explanation by the District Court for the special condition would have facilitated our review of this ground for appeal.

[2] Florence's attempts to analogize his special condition to those in *Pruden* and *Evans* are unavailing. *See United States v. Pruden*, 398 F.3d 241, 249 (3d Cir. 2005); *United States v. Evans*, 155 F.3d 245, 249 (3d Cir. 1998). In *Pruden*, a special condition requiring defendant's participation in a mental health treatment program constituted plain error because there was no evidence that defendant had any mental health issues, and in

5

## IV. **Conclusion**

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

---

turn, no need for such treatment. *See* 398 F.3d at 249. In *Evans*, a condition requiring reimbursement of counsel fees was "not related in any tangible way to [defendant's] insurance fraud," and amounted to plain error. *See* 155 F.3d at 249.